IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUEBEN ROBERTS,

    Plaintiff,                         No. CIV S-03-2309 FCD JFM P

    vs.

THOMAS L. CAREY, et al.,

    Defendants.                   ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 15, 2004, plaintiff wrote the court concerning, *inter alia*, his access to the law library. (Docket Nos. 57, 60.) Within fifteen days, counsel for defendants will be directed to inform the court as to the status of plaintiff's access to the law library. The motion to dismiss filed April 1, 2005 requires plaintiff to respond within a date certain or face imposition of sanctions, including a recommendation that the instant action be dismissed. Defendants are cautioned that failure to comply with this order will result in the imposition of sanctions.

        Plaintiff has again requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

1

(1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's April 15, 2005 request for the appointment of counsel will therefore be denied.

Finally, the court notes that plaintiff's April 15, 2005 filings were not served on counsel for defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

Plaintiff is cautioned that lack of access to the law library is not an excuse for failing to serve opposing counsel. Although tedious, plaintiff is permitted to serve handwritten copies of his filings on counsel for defendants. Plaintiff is advised that future failure to serve his filings on counsel for defendants will result in a recommendation that this action be dismissed for his failure to comply with court orders.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send a copy of plaintiff's April 15, 2005 notice and request for judicial notice (Docket Nos. 57 and 60) to counsel for defendants;

2. Within fifteen days, counsel for defendants shall inform the court as instructed above;

1      3. Plaintiff's April 15, 2005 request for appointment of counsel is denied; and

2      4. Plaintiff is granted thirty days from the date of this order in which to file an opposition to defendants' motion to dismiss.

DATED: April 22, 2005.

                                          UNITED STATES MAGISTRATE JUDGE

001; robe2309.fb2