IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUEBEN ROBERTS,

    Plaintiff,                        No. CIV S-03-2309 FCD JFM P

    vs.

THOMAS L. CAREY, et al.,          <u>ORDER AND</u>

    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        On May 2, 2005, plaintiff filed a "notice of opposition for the plaintiff," and a "statement of disputed facts." On May 20, 2005, plaintiff filed a request for extension and request for return of original documents. On May 23, 2005, plaintiff filed a letter concerning copies and a request for appointment of counsel. None of these documents were served on defendants.

        Plaintiff has been reminded on numerous occasions of his obligation to serve defendants with a copy of every document submitted to the court pursuant to Fed. R. Civ. P. 5. (<u>See</u> Orders filed October 7, 2004, January 20, 2005, April 25, 2005, May 9, 2005.) By order filed May 11, 2004, plaintiff was cautioned that the "failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

1

1 Fed. R. Civ. P. 11; Local Rule 11-110." (May 11, 2004 order at 5.) On April 25, 2005, plaintiff
2 was also advised that future failure to serve opposing counsel would result in a recommendation
3 that this action be dismissed for failure to comply with court orders.

4 　　　　　On April 15, 2005, plaintiff filed documents entitled "Notice," and "Plaintiff's
5 Request for Judicial Notice" in which he raises various claims that his access to the law library
6 has been blocked. By order filed April 25, 2005, defendants were directed to respond.

7 　　　　　On May 6, 2005, counsel for defendants filed a reply to this court's inquiry
8 concerning plaintiff's access to the law library. Defendants have confirmed that plaintiff has
9 been given Priority Library Legal User ("PLU") status and has had at least 56 hours and 45
10 minutes of law library access from January 1 through April 30, 2005. Moreover, defendants have
11 provided evidence that although plaintiff only completed one library ducat request on February 1,
12 2005, he was ducated twice a week, every week while he was on PLU status. Defendants also
13 confirmed that the law library changed its ducating from every week to every other week due to a
14 library staff shortage, but that this change would affect general library users only. PLU status
15 inmates continue to have law library access two times per week. Defendants state that Grace
16 Mendoza, an assistant to the Litigation Coordinator has been working out of class as a Library
17 Technician on a training assignment to assist in keeping the library open for inmates; thus, she is
18 not responsible for the reduction in library hours as plaintiff claims.

19 　　　　　The two dates plaintiff specifically complained of being deprived of law library
20 access were April 8, 2005, a day the law library was closed due to a staff meeting, and April 12,
21 2005, when the prison was on lockdown. Plaintiff is advised that there will be times he cannot
22 physically access the law library for security and other reasons.

23 　　　　　Finally, plaintiff claims that there is no law library on his yard, Yard 4.
24 Defendants confirm there is a satellite library on Yard 4 with some legal materials, although they
25 are mainly secondary sources. Moreover, as a PLU, plaintiff has access to the Central Law
26 Library on Yard 6. In addition, defendants state that "in certain instances, even during lock

down, inmates do have the ability to get materials from the law library.  It is not apparent that inmate Roberts took the opportunity to use any alternate methods of obtaining materials." (Defts.' Reply filed May 6, 2005 at 7.)

      Even though plaintiff is appearing pro se and is incarcerated, he is not exempt from the requirements of the Local Rules of the U.S. District Court for the Eastern District of California and the Federal Rules of Civil Procedure, including Rule 11 of the Federal Rules of Civil Procedure.  Although plaintiff may not be getting the amount of law library access he would prefer, his access to the law library has not been restricted.  In addition, the photocopying of legal documents is governed by strict guidelines.  (See Defts.' May 6, 2005 Reply, Ex. A.)  However, as noted in this court's April 25, 2005 order, plaintiff may handwrite copies to serve on opposing counsel.

      There are five factors which the court must weigh before imposing the harsh penalty of dismissal.  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Malone, 833 F.2d at 130 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).  In Hamilton Copper & Steel Corp. v. Primary Steel, 898 F.2d 1428, 1429 (9th Cir. 1990), the court noted that the two factors which are decisive are the availability of less drastic sanctions and the lack of prejudice.

      All but one of the five factors support the sanction of dismissal in this case.  (1) Plaintiff's repeated refusal to serve opposing counsel with copies of his filings has interfered with the timely resolution of this litigation.  (2) Plaintiff has willfully undertaken to manage this court's docket.  (3) Defense counsel has been required to respond to plaintiff's unmeritorious allegations concerning lack of access to the law library on two separate occasions.  (See Orders filed October 29, 2004; April 25, 2005.)  As to the last factor, this court has considered the

imposition of less drastic sanctions. The imposition of monetary sanctions would be unavailing against this plaintiff, and the preclusion of plaintiff's testimony at trial would be tantamount to a dismissal. The only remaining factor is the public policy favoring disposition of cases on their merits. This is a consideration of the highest order, but one which is inevitably violated when the sanction of dismissal is invoked. This court spends long hours construing claims favorably to pro per plaintiffs in order to see to it that cases are decided on their merits, but plaintiff in this case has, by his own willful actions, forfeited any claim to the benefit of this policy.

Accordingly, IT IS HEREBY ORDERED that plaintiff's unserved documents shall be placed in the court file and disregarded.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2005.

UNITED STATES MAGISTRATE JUDGE

/001
robe2309.ftc